IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES ALLEN COBB,

    Plaintiff,

v.                               CIVIL ACTION NO.: CV612-085

ROBERT S. REEVES, Judge; DENISE
HOBBS, Deputy Clerk, Superior Court;
JAY LAWSON, Clerk, Superior Court;
HAYWARD ALTMAN, District Attorney;
and TOBE KARRH,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Allen Cobb ("Plaintiff"), an inmate currently incarcerated at Hays State Prison in Trion, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Denise Hobbs, Deputy Clerk of Emanuel County Superior Court, and Jay Lawson, Clerk of Emanuel County Superior Court, "failed to compute things lawfully" with regard to his sentence. (Doc. No. 1, p. 5). Plaintiff alleges that his court-appointed lawyer, Tobe Karrh, "allowed [him] to be sentenced under an invalid docket #." (Id.). Plaintiff alleges that Hayward Altman, a district attorney, "printed on 7-19-2011 a notice about these charges, including a memorandum, on 7-19-2011, also a detainer that became effective 3-9-2011 for these same charges as if [he has] never been to court for them already." (Id.). Plaintiff alleges that Judge Robert S. Reeves "has lied about each and every sentence on several documents." (Id.).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that

2

an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

"The state superior court has no authority to sentence a person convicted of a felony other than to the custody of the commissioner of the Georgia Department of Corrections, and the State has authority over the inmate on the place of confinement and on the computation of sentence." Manders v. Lee, 338 F.3d 1304, 1316 n.25 (11th Cir. 2003) (citing Eubanks v. State, 494 S.E.2d 564 (Ga. Ct. App. 1997)). Plaintiff fails to state a claim against Hobbs and Lawson because sentence computation is not their responsibility.

"[T]he Supreme Court has held 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Wilson v. Dollar-Thrifty Auto Group-South Fla. Transport, 286 F. App'x 640, 641–42 (11th Cir. 2008) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). As a result, Plaintiff's allegation against Karrh does not state a claim under § 1983.

Prosecutors enjoy "absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" Hart v. Hodges, 587 F.3d 1288, 1294 (11th Cir. 2009) (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009)). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.

3

2000)). Because Altman and Judge Reeves are immune from suit with regard to Plaintiff's allegations, Plaintiff has failed to state a claim against them.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 4th day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)